CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada State Bar No. 14853
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:20-CR-199-JAD-NJK |
|---|---|
| Plaintiff, | **United States of America's Motion for an Interlocutory Order of Sale of the 1967 Silver Pontiac 2T GTO and Order** |
| v. | |
| JAVIER MONTANO | ECF No. 49 |
| Defendant. | |

The United States moves this Court to issue an Order for an Interlocutory Sale of the 1967 Silver Pontiac 2T GTO, VIN: 242177Z128178, Nevada License Plate FASGOAT (1967 GTO) held in the name of Javier Montano (Montano) listed in the Substitution and Forfeiture Order of Javier Montano, ECF No. 38, authorizing the United States Marshals Service (USMS) to sell the 1967 GTO through one of its approved methods.

The grounds for granting the Order for an Interlocutory Sale of the 1967 GTO are as follows. First, the 1967 GTO continues to deteriorate pending the service of process of the Substitution and Forfeiture Order of Javier Montano, ECF No. 38, and the entering of an Amended Final Order of Forfeiture. Second, the value of the 1967 GTO continues to depreciate. Third, the storage costs and other maintenance costs of the 1967 GTO will continue to accrue against its value. Fourth, the sooner the 1967 GTO is sold, the more net sale proceeds will exist. Fifth, this Court is authorized to approve interlocutory sales.

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities, and the attached Exhibit.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

Montano pled guilty to theft of government funds in violation of 18 U.S.C. § 641, Plea Agreement, ECF No. 6; Arraignment & Plea, ECF No. 8. Montano agreed to, and this Court ordered, the forfeiture of the 2013 BMW and the criminal forfeiture money judgment of $1,194,672.68, Final Order of Forfeiture, ECF No. 33.

On September 15, 2021, the government filed its Motion to Substitute and to Forfeit Property of Javier Montano, ECF No. 36, under seal. On October 5, 2021, this Court signed the Substitution and Forfeiture Order of Javier Montano, ECF No. 38.

### B. Statement of Facts

The United States Marshals Service (USMS) seized the property on October 1, 2021. On October 20, 2021, the USMS took custody of the 1967 GTO, and it began to accrue storage fees, Notice of Filing Take into Custody, ECF No. 39. In October 2021, the 1967 GTO's value was $39,800. Exhibit (Ex. 1)-Declaration of Jeffrey Padayao, United States Marshals Service District Asset Forfeiture Coordinator, attached hereto and incorporated herein by reference as if fully set forth herein. The cost to the USMS to keep the 1967 GTO is expensive. In the month of October 2021, the government spent $150 for tow services and $279 for maintenance and storage costs. Ex. 1. While the 1967 GTO is in storage, the maintenance and storage costs will continue to accrue.

## II. ARGUMENT

This Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market

value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (paragraphs omitted). Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive. *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA*, No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (explaining the same).

Two of the four reasons for the interlocutory sale apply in this case regarding the 1967 GTO: (1) the storage and maintenance fees will continue to accrue; and (3) other good cause: the sooner the vehicle is sold, more net sale proceeds will be available. Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7). *United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (brackets and ellipses added) (explaining "that the Government's desire to avoid storage costs (particularly with respect to the twenty-two automobiles and the tractor trailers) … constitute[s] "good cause" for the interlocutory sale of the personal property …").

Without the Interlocutory Order of sale, the maintenance and storage costs of the 1967 GTO will continue to rise and to decrease the equity.

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supplemental Rule G(7)(b)(ii). In this case, the USMS will sell the property as "governed by 28 U.S.C. §§ 2001, 2002, and 2004…." Supplemental Rule G(7)(b)(iii).

"The sale proceeds are substitute res subject to forfeiture in place of the property that was sold[, and] the United States must maintain them in an interest-bearing account." Supplemental Rule G(7)(b)(iv); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).

After paying the cost and expenses to sell the vehicle and the storage and maintenance fees are subtracted, the net sale proceeds will be substituted in lieu of the 1967 GTO. *See United States v. Plunk*, 511 F.3d 918, 922-23 (9th Cir. 2007) (the value of the property is when the property is sold); *United States v. Marshall*, 338 F.3d 990, 993-94 (9th Cir. 2003) (the property's valuation date is the net sale proceeds.). 21 U.S.C. § 853(g) ("Any income accruing to or derived from property ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties.") and (j); 19 U.S.C. §§ 1609(a) (after deducting expenses, proceeds of sale is the value of the asset for depositing), 1611 (sale proceeds cover costs or destroy the asset); 1613(a) and (b) (reducing the costs of seizure and sale; sale proceeds are reduced by payment of all property expenses of the proceedings of forfeiture and sale, including expenses of seizures maintaining the custody of the property, advertising and sale, and any additional costs taxed by the court).

## III. CONCLUSION

Based on the foregoing reasons, the Court should order the interlocutory sale of the 1967 Silver Pontiac 2T GTO, VIN: 242177Z128178, Nevada License Plate FASGOAT held in the name of Javier Montano to mitigate further expenditures.

Dated: January 6, 2022.

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney
/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

DATED: 1/25/2022