CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada State Bar No. 14853
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER MONTANO,<br><br>Defendant. | 2:20-CR-199-JAD-NJK<br><br>**United States of America's Motion for an Interlocutory Order of Sale of the 6633 Lavender Lion and Order**<br><br>ECF No. 50 |

The United States moves this Court to issue an Order for an Interlocutory Sale of the real property held in the name of Javier Montano, listed in the Substitution and Forfeiture Order of Javier Montano, ECF No. 38.

1. 6633 Lavender Lion St, North Las Vegas, Nevada 89086 (6633 Lavender Lion), more particularly described as:

   Lot Thirty-Nine (39) of FINAL MAP OF MARLIDA (a common interest community), as shown by map thereof on file in Book 125 of Plats, Page 84, in the Office of the County Recorder of Clark County, Nevada, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 124-24-310-039 (property).

The grounds for granting the Order for an Interlocutory Sale of 6633 Lavender Lion are as follows. First, 6633 Lavender Lion is subject to taxes and fees, and the granting of an interlocutory sale will stop the accruing of taxes and fees against its value. Second, granting an interlocutory sale will avoid accidents and liability accruing against 6633 Lavender Lion. Third, this Court is authorized to approve interlocutory sales.

Through the Interlocutory Order of Sale, the United States requests this Court to authorize Doug Sawyer to sell 633 Lavender Lion through one of the Court's approved methods.

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities, and the attached exhibits.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE CASE

**A. Procedural History**

Montano pled guilty to theft of government funds in violation of 18 U.S.C. § 641, Plea Agreement, ECF No. 6; Arraignment & Plea, ECF No. 8. Montano agreed to, and this Court ordered, the forfeiture of the 2013 BMW and the criminal forfeiture money judgment of $1,194,672.68, Final Order of Forfeiture, ECF No. 33.

On May 20, 2021, the government filed its Motion to Substitute and Forfeit Property of Javier Montano, ECF No. 26, under seal. On June 7, 2021, this Court signed the Substitution and Forfeiture Order of Javier Montano, ECF No. 29.

**B. Statement of Facts**

On October 20, 2021, the USMS seized and took custody of 6633 Lavender Lion, Notice of Filing Take into Custody, ECF No. 40. The most recent appraisal of 6633 Lavender Lion's value was $438,000. Exhibit (Ex.) 1-Declaration of Jeffrey Padayao, United States Marshals Service District Asset Forfeiture Coordinator, attached hereto and incorporated herein by reference as if fully set forth herein. The cost to the USMS to keep 6633 Lavender Lion is expensive. While 6633 Lavender Lion is in USMS custody, it will continue to accrue taxes and fees and be subject to possible liability claims. The current amount of costs is $7,134 and will continue to increase. Ex. 1.

### II. ARGUMENT

This Court has authority to issue the Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule

/ / /

G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supp. R. G(7)(b) (paragraphs omitted).

Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive. *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA,* No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (explaining the same).

　　　　Two reasons for the interlocutory sale apply in this case regarding the property: (1) the property is subject to taxes, assessments, special assessment, late fees, interest, penalties, and their continual accrual against the real property's value and (2) the court finds other good cause, (a) stopping the accruing of all the fees, taxes, assessments, late fees, interest, penalties, and the continual accrual of the fees against the real property value and (b) avoiding accidents and liability accruing against the real property. Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); S*ee United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir. 1997). In *United States v. All Right, Title & Interest in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla.*, 98 CIV. 2279 DLC, 2012 WL 3886698, 2 (S.D.N.Y. Sept. 7, 2012) the court granted the interlocutory sale because the property had "[m]ore than $40,437.55 in taxes… currently due… raising the risk that the County may move to impose a lien and thereby diminish the property's value to the Government should this forfeiture action succeed." *Id.* at 2 (brackets and ellipses added).

/ / /

The accruing taxes, assessments, special assessment, late fees, and interest are decreasing the property's equity. In *United States v. Fisch*, No. H-11-722, 2016 WL 4702588 (S.D. Tex. Sep. 8, 2016), the Interlocutory Sale was granted due to the accumulation of past due taxes. In *Fisch* the property was substitute property and was divisible with the defendant's wife. Here the property was purchased with illegal proceeds and the whole amount is subject to forfeiture after the tax lien and fees are paid.

If an accident occurred on the property, that would rapidly decrease the property's equity. The government seeks to preserve as much of the equity as possible for the forfeiture proceedings. *United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (granting the interlocutory sale to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes.").

The sale proceeds of the real property will be the "substitute res subject to forfeiture in place of the property that was sold[, and] the United States must maintain them in an interest-bearing account." Supplemental Rule G(7)(b)(iv) (brackets added); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supplemental Rules G(7)(b)(ii) (emphasis added). The government recommends that this Court designate Doug Sawyer to sell the real property pursuant to "28 U.S.C. §§ 2001, 2002, and 2004." Supplemental Rules G(7)(b)(iii).

**III. JUDICIAL SALES PROCEDURE**

If a court orders an interlocutory sale of property over the objection of any interested party, the sale must comply with the provisions of 28 U.S.C. §§ 2001 and 2002. These statutes provide procedural safeguards to ensure that court-ordered sales are made on terms that best preserve the parties' interests. Section 2001(a) authorizes public sales of property and sales by court-appointed receivers. Section 2001(b) permits private sales of property for cash or other consideration after a hearing of which notice to all interested parties shall be

/ / /

given by publication, or as otherwise directed by the court, and after the court finds that the best interests of the estate will be conserved thereby.

By this Motion, the United States requests authorization to proceed with a private sale of the above-listed properties. Based upon the reasons set forth herein, the United States believes that a prompt sale of the properties by Montano and the United States, followed promptly by releasing the proceeds to the United States affords the best protection to all concerned. The United States believes that a private sale versus a public sale will allow Montano and the United States the discretion to sell the properties in the most commercially feasible manner.

As required by section 2001(b), notice of the Government's Motion must be given by publication or otherwise as this Court directs. The government takes the position that placing the real properties in a multiple listing site through Doug Sawyer, a local real estate agent, will meet this requirement.

Pursuant to section 2001(b), three disinterested persons must appraise the properties. To meet that requirement, the United States has obtained the following neutral appraisal estimates:

1. Zillow.com for $420,000;
2. Realtor.com for $426,000; and
3. Redfin.com for $414,555.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

Based on the foregoing reasons, this Court should order the interlocutory sale of the 6633 Lavender Lion St, North Las Vegas, Nevada 89086.

Dated: January 6, 2022.

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney


IT IS SO ORDERED:

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

DATED: 1/25/2022