JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER MONTANO,<br><br>Defendant.<br><br>LAKEVIEW LOAN SERVICING, LLC,<br><br>Third-Party Petitioner. | 2:20-CR-199-JAD-NJK<br><br>**Stipulation of Third-Party Petitioner, Lakeview Loan Servicing, LLC, and Order**<br><br>**ECF Nos. 60, 68** |

The United States of America and Lakeview Loan Servicing, LLC, through their counsel, Christina V. Miller, Esq. of Wright, Finlay & Zak, LLP, agree as follows:

1. This Court entered a One-Count Criminal Information, ECF No. 4, against Javier Montano for violation of 18 U.S.C. § 641, who pled guilty to the Count and agreed to the forfeiture of property set forth in the Forfeiture Allegation of the Criminal Information, ECF No 4, and Plea Agreement, ECF No. 6. Arraignment & Plea, ECF No. 8.

2. On May 20, 2021, the government filed a Motion to Substitute and Forfeit Property, including 6633 Lavender Lion St., North Las Vegas, Nevada 89086 (6633 Lavender Lion),[1] ECF No. 26, and on June 7, 2021, this Court granted the government's Motion, ECF No. 29.

[1] More particularly described as: Lot Thirty-Nine (39) of FINAL MAP OF MARLIDA (a common interest community), as shown by map thereof on file in Book 125 of Plats, Page 84, in the Office of the County Recorder of Clark County, Nevada, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 124-24-310-039.

3. On June 8, 2021, the United States recorded the Substitution and Forfeiture Order with the Clark County Recorder, Instrument No. 20210608-0002617.

4. On November 8, 2021, the United States Attorney's Office served ZB, N.A. dba Nevada State Bank c/o Registered Agent, Corporation Service Company, with copies of the Substitution and Forfeiture Order and Notice through regular mail and certified mail. Notice of Filing Service of Process – Mailing Exhibits, ECF No. 48-1, p. 3-15.

5. On December 7, 2021, the United States Marshals Service personally served ZB, N.A. dba Nevada State Bank c/o Deborah Smith as Secretary; c/o Dallas Haun as President; c/o Jeremy Aguero as Director; and c/o Terry Shirey as Treasurer, with copies of the Substitution and Forfeiture Order and Notice. Notice of Filing Service of Process-Personal Service, ECF No. 52-1, p. 15-27.

6. On December 10, 2021, Mortgage Electronic Registration Systems, Inc. ("MERS"), as Beneficiary, as Nominee for ZB, N.A. dba Nevada State Bank assigned the deed of trust to Lakeview Loan Servicing, LLC, for 6633 Lavender Lion. Fed. R Civ. P 60(b) Motion to Set Aside Amended Final Order of Forfeiture (ECF No. 57) (Motion), ECF No. 60-2, p. 120-121. The government failed to serve MERS.

7. On February 17, 2022, this Court entered the Amended Final Order of Forfeiture, ECF No. 57, which included the substituted property of 6633 Lavender Lion.

8. Lakeview Loan Servicing, LLC, declares under penalty of perjury, pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, that it has an interest in the deed of trust and the promissory note on 6633 Lavender Lion.

9. Lakeview Loan Servicing, LLC, affirms that it has not been compensated for the value of 6633 Lavender Lion by any insurer or third party.

10. Lakeview Loan Servicing, LLC, affirms that it has not assigned, sold, or otherwise alienated its interest in 6633 Lavender Lion since the time it was assigned the deed of trust for 6633 Lavender Lion.

11. Lakeview Loan Servicing, LLC, will provide the necessary documents to the United States pursuant to Rules 803(6) and (15) (hearsay exceptions) and 901-903

(authentication) of the Federal Rules of Evidence to support the owed principal and interest and the daily accruing balance.

12. After the United States District Court has signed and entered this Stipulation of Third-Party Petitioner, Lakeview Loan Servicing, LLC, and Order (Stipulation) and the Second Amended Final Order of Forfeiture, after the United States sells 6633 Lavender Lion, and after all expenses and costs are paid, including, but not limited to, any outstanding monthly maintenance charges, all of the principal, per diem interest charges, outstanding taxes, expenses of custody, maintenance, repairs, sale costs, escrow advance, and casualty insurance, within a practicable time thereafter for the United States, the United States agrees Lakeview Loan Servicing, LLC, will receive payment from the net sale proceeds of 6633 Lavender Lion through escrow, calculated as follows:

a. Unpaid principal of $146,314.21;

b. Interest of $4,053.90 as of June 8, 2022;

c. Other recoverable sums permitted under the note and deed of trust as of 6/8/2022: $15,578.84; and

d. Per diem interest of $13.03 from 6/8/2022, until the date of payment.

13. If an offer is made on 6633 Lavender Lion, if the sale proceeds will not cover all expenses and costs, including, but not limited to, any outstanding monthly maintenance charges, all of the principal, per diem interest charges, outstanding taxes, custodial expenses, maintenance, repairs, sale costs, escrow advance, and casualty insurance, and if Lakeview Loan Servicing, LLC, agrees in writing to the sale price within one week of the government giving notice in writing of its intent to declare this Stipulation null and void and to reverse forfeiture of 6633 Lavender Lion, the United States will not be held accountable for the remaining amount owed, and Lakeview Loan Servicing, LLC, will be satisfied without being made whole. The payment to Lakeview Loan Servicing, LLC, shall be in full settlement and satisfaction of all claims by Lakeview Loan Servicing, LLC, arising from and relating to the detention and forfeiture of 6633 Lavender Lion. Otherwise, this Stipulation

/ / /

shall be null and void, and Lakeview Loan Servicing, LLC, may foreclose on 6633 Lavender Lion.

14. In addition to paragraph 13, the United States also reserves the right, in its discretion, to release and/or to terminate the forfeiture of 6633 Lavender Lion at any time. In either event, the Government shall promptly notify the mortgagee or lienholder of such action. A discretionary termination of release and forfeiture shall not be a basis for any award of attorney's fees, expenses, interest, and costs.

15. Payment to Lakeview Loan Servicing, LLC, is conditioned upon the United States prevailing against the defendant and any other competing claims.

16. Upon payment, Lakeview Loan Servicing, LLC, agrees to execute further documents, to the extent necessary, to convey clear title to 6633 Lavender Lion and to implement further the terms of this Stipulation.

17. Lakeview Loan Servicing, LLC, agrees to the forfeiture of 6633 Lavender Lion to the United States, subject to paragraphs 12-16.

18. Lakeview Loan Servicing, LLC, agrees to relinquish all rights, titles, and interests in 6633 Lavender Lion, subject to paragraphs 12-16.

19. Lakeview Loan Servicing, LLC, agrees to waive its rights to the criminal forfeiture third-party ancillary hearing (proceeding) of 6633 Lavender Lion in *United States v. Javier Montano*, 2:20-CR-199-JAD-NJK.

20. Lakeview Loan Servicing, LLC, agrees to waive service of process in this proceeding but will receive service of process of any filed document through CM/ECF.

21. Lakeview Loan Servicing, LLC, agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of 6633 Lavender Lion.

22. Lakeview Loan Servicing, LLC, agrees not to file any petition or other documents in this proceeding concerning 6633 Lavender Lion in this case except as may be required by the United States Attorney's Office or this Court. Notwithstanding the above provision, if any party, person, or entity, who is not a signatory of this stipulation, files a

/ / /

petition, Lakeview Loan Servicing, LLC, retains the right to file any documents to defend their rights concerning their interest in 6633 Lavender Lion.

23. Lakeview Loan Servicing, LLC, agrees to withdraw any petitions or other documents, including, but not limited to, the Motion, ECF No. 60, it filed in this proceeding concerning 6633 Lavender Lion when this Court grants this Stipulation.

24. Lakeview Loan Servicing, LLC, waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853, including, but not limited to, the filing of a third-party ancillary petition, the court having a third-party ancillary hearing, the court making factual findings regarding the forfeiture, the substitution and forfeiture of defendant's other assets, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's assets in any proceedings regarding 6633 Lavender Lion, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

25. Lakeview Loan Servicing, LLC, waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's assets in any proceedings regarding 6633 Lavender Lion, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

26. Lakeview Loan Servicing, LLC, waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's assets in any proceedings, regarding 6633 Lavender Lion in *this* case, including, but not limited to, excessive fines and cruel and unusual punishments under the Eighth Amendment to the United States Constitution.

27. Lakeview Loan Servicing, LLC, agrees to the conditions in this Stipulation and the entry of the Third Amended Final Order of Forfeiture incorporating by reference this Stipulation.

28. Lakeview Loan Servicing, LLC, agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Veterans Affairs, the United States Department of Health and Human Services, the United States Social Security Administration, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of this case regarding ownership of the deed of trust and the promissory note.

29. Lakeview Loan Servicing, LLC, releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of Veterans Affairs, the United States Department of Health and Human Services, the United States Social Security Administration, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Lakeview Loan Servicing, LLC, now has or may hereafter have on account of, or in any way growing out of, the substitution, the forfeiture, and the taking of 6633 Lavender Lion in the criminal forfeiture.

30. This Stipulation contains the entire agreement between the parties.

31. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

32. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

33. The persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the entity on whose behalf they are signing to the terms of this Stipulation.

34. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to,

and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

35. Each party shall bear its own attorneys' fees, expenses, interest, and costs, except for paragraph 12. A discretionary termination of forfeiture shall not be a basis for an award of attorneys' fees, expenses, interest, and costs.

36. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the forfeiture of 6633 Lavender Lion.

Dated: 7-15-22

Wright, Finlay & Zak, LLP

Christina V. Miller, Attorney for Lakeview Loan Servicing, LLC, Petitioner

Dated: 7-13-22

Yvette Tuggle
Yvette Tuggle, Assistant Secretary
Lakeview Loan Servicing, LLC,
by LoanCare, LLC, its attorney-in-fact
under a limited Power of Attorney,

Dated: 7/15/22

JASON M. FRIERSON
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

**ORDER**

**Based on this stipulation [68] and good cause appearing, IT IS SO ORDERED. IT IS FURTHER ORDERED that Lakeview's Motion to Set Aside Final Order of Forfeiture [60] is deemed withdrawn.**

JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE
July 18, 2022