# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Javier Montano,

    Defendant

Case No.: 2:20-cr-00199-JAD-NJK-1

**Order Granting Request for Leave to File Under Seal and Appointment of Counsel but Denying Motion for Early Termination of Supervised Release**

[ECF Nos. 93, 94, 96]

Javier Montano is more than two years into a three-year term of supervised release after completing a thirty-month sentence for theft of government funds.[1]  He moves to end his supervision early, arguing that he meets the statutory and discretionary criteria for early termination.[2]  The government opposes the motion, contending that his compliance with the terms of supervised release is insufficient to justify the "rarely-granted remedy" of early termination and that granting Montano's motion is not in the interest of justice.[3]  Because Montano has demonstrated his inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his financial affidavit under seal.  But, while I acknowledge that Montano's compliance with his supervised release conditions is laudable, I find that he hasn't yet met the necessary criteria for early termination and thus deny his motion.

---

[1] ECF No. 8 at 4; ECF No. 22; ECF No. 96 at 4.

[2] ECF No. 96.

[3] ECF No. 97.

**Discussion**

**I.      Montano is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation."[4]  Eligibility for court-appointed counsel is determined by assessing the person's financial affidavit under deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility."[5]  Montano's financial affidavit confirms his inability to afford an attorney and his need for one to be appointed for him, so I grant his request to appoint counsel.

**II.     Montano's financial affidavit will remain sealed.**

It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[6]  "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[7]  But "access to judicial records is not absolute."[8]  Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[9]  But courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like

---

[4] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

[5] The Plan for Administration of the CJA of 1964 at 7–8.

[6] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)).

[7] *Id.* (cleaned up).

[8] *Id.*

[9] *In re Midland Nat'l Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

the one Montano filed here because they are administrative, not judicial, in nature.[10]  I find that

reasoning persuasive and adopt it here.  So, because Montano's affidavit is an administrative

document that contains personal financial information that the public does not need access to, I

grant his request for leave to file the affidavit under seal.

### III.   Montano has not met his burden to demonstrate that he is entitled to early termination of supervised release.

"After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a

court may terminate a term of supervised release" following the expiration of the first year of

supervised release if the court "is satisfied that such action is warranted by the conduct of the

defendant released and the interest of justice."[11]  Those § 3553(a) factors are the nature and

circumstances of the offense; the defendant's history and characteristics; the need to deter

criminal conduct, protect the public from the defendant's further crimes, and give the defendant

needed resources that the probation office can provide; the sentence and sentencing range; the

need to avoid unwarranted sentencing disparities; and the need to provide restitution to any

victims.[12]  But the court is not obligated to "tick off" each § 3553(a) factor and illustrate its

consideration.[13]  "It is the defendant's burden to establish that he is entitled to the rarely granted

---

[10] *See In re Boston Herald, Inc.*, 321 F.3d 174, 181 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246, 1254–55 (10th Cir. 1998); *see also United States v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press"); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010).

[11] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)).

[12] 18 U.S.C. §§ 3553(a), 3583(e)(1).

[13] *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021) (unpublished).

remedy of early termination of supervised release."[14]  "This is usually accomplished by alerting the district court to 'unforeseen' or 'changed' circumstances' that implicate [the] initial sentencing decision and analysis."[15]

Montano has not carried his burden to show that early termination is warranted.  Though he accurately recounts that he has been fully compliant with his conditions of supervision, that responsibility is expected of him.  As the Ninth Circuit Court of Appeals explained in *United States v. Misraje*, "[i]t is a supervisee's obligation to strictly comply with the terms of supervised release,"[16] so compliance—even perfect compliance—does not justify a reduction in a court-ordered supervised-release term.

Montano argues that he not only has satisfied the conditions of his supervised release but that he also "engages in sufficient prosocial activities and receives sufficient prosocial support to do so well beyond" it.[17]  He has maintained steady employment since his release, having worked at a Levi's warehouse since his release and at AutoZone as a commercial sales manager for more than a year.[18]  Montano has also never missed a monthly restitution payment,[19] and his arrest for the underlying offense was his first and only arrest, as he has no other criminal history.[20]

---

[14] *Emmett*, 749 F.3d at 824 (Nguyen, J., dissenting).

[15] *Id.* (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Although "[c]hanged circumstances may in some instances justify a modification," they are not required for early termination. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (cleaned up).

[16] *United States v. Misraje*, 888 F.3d 1113, 1116 (9th Cir. 2018).

[17] ECF No. 96 at 3.

[18] *Id.*

[19] *Id.*

[20] *Id.*

4

Certainly, these accomplishments help shift the balance of the defendant's history and characteristics in Montano's favor, but they do not outweigh the serious nature and circumstances of his offense, which tip heavily against Montano's early termination of supervision. Montano stole nearly $1.2 million from two government agencies over five years.[21] And while he did use some of this money to pay medical bills for his son, he used the vast majority of these funds for personal expenses.[22] He also stole the identities of two clients of the bank he worked at and used their personal information to access their accounts.[23] These details tip heavily against early termination. One of Montano's conditions of supervision is a prohibition from engaging in any employment or volunteer activity that would require or enable him to access others' bank-account records without prior approval from his probation officer.[24] Given that Montano used his position of authority at the bank to access and steal information and funds, early termination of his supervision would not be in the interest of justice. I therefore cannot conclude that the § 3553(a) factors or the interests of justice support an early termination of Montano's supervision at this time.

### Conclusion

IT IS THEREFORE ORDERED that Javier Montano's motion for early termination of supervised release [**ECF No. 96] is DENIED.**

---

[21] Presentence Investigation Report at 7, ¶ 28.

[22] *Id.* at 5–6, ¶¶ 14, 17, 20, 21, 22, 24.

[23] *Id.* at 6, ¶ 25.

[24] ECF No. 22 at 3.

IT IS FURTHER ORDERED that Montano's motion for appointment of counsel **[ECF No. 93] is GRANTED *nunc pro tunc* to March 11, 2025**, and his motion for leave to file his affidavit under seal **[ECF No. 94] is also GRANTED**.  The Clerk of Court is directed to **MAINTAIN THE SEAL on docket entry ECF No. 95**.

_____
U.S. District Judge Jennifer A. Dorsey
April 10, 2025